Matter of Brown (Woolley) (2025 NY Slip Op 51299(U))

[*1]

Matter of Brown (Woolley)

2025 NY Slip Op 51299(U)

Decided on August 18, 2025

Supreme Court, Nassau County

Knobel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 18, 2025
Supreme Court, Nassau County

In the Matter of Elaine A. Brown and RUTH JACKSON 
 as Co-Guardians of the Personal Needs and Property Management of Hyacinth Woolley, An Incapacitated Person, now deceased.

Index No. 034060/2023

Myrna Archer, Esq.
Counsel to Co-Guardians
PO Box 220025
Rosedale, NY 11422
(718) 926-0740
[email protected]
Gloria Lomeli, Esq.
Court Examiner
6268 Jericho Tpke, Ste 7
Commack, NY 11725
(631) 486-7802
[email protected]
Jayson Woolley, pro se

Gary F. Knobel, J.

Papers Considered:
Order and judgment dated May 15, 2024 (Gugerty,J) 1
Court evaluator's report date November 26, 2023 2
Letter from Pinelawn Cemetery dated August 15, 2025 3
Order dated August 14, 2025 Knobel, J.) 4
This Court issued an temporary injunction on August 14, 2025 (Knobel, J.) prohibiting a funeral from taking place in Florida after receiving communications from (a) the co-guardians' [*2]attorney about the passing of the incapacitated person, Hyacinth Woolley, and that the co-guardians intended to have her interred in Florida, and (b) Hyacinth's son, Jayson Woolley, who informed the court that there was a burial plot for her in Pinelawn Cemetery in Suffolk County, New York, next to her late husband. The next day, August 15, 2025, this Court conducted a hearing on the issue of where Hyancinth should be interred, and heard testimony from Hyacinth's niece, who is an attorney, and Jayson.
Hyacinth Woolley suffered from Dementia and Alzheimer's disease and after a hearing pursuant to Article 81 of the Mental Hygiene Law, Hyancinth was deemed incapacitated by Justice David Gugerty in an Order and Judgment dated May 15, 2024. The Order and Judgment specifically states that " 
...the Co-Guardians may pay from the funds of the Incapacitated Person the cost of establishing an appropriate funeral trust with reputable funeral establishment in the State of New York for the Incapacitated Person's burial and funeral expenses" (Order and Judgment, May 15, 2024, Gugerty, J. [emphasis added]).
The Court must also take into consideration the court evaluator's interview with Hyancinth in which Hyancinth focused on the love and memories of her predeceased husband, Frantz Woolley who passed away in 2022 and was interred in a crypt at Pinelawn Cemetery in Farmingdale. Unfortunately, possibly because of the severe acrimony between Jayson and the other family members, or possibly because the court evaluator did not inquire, the attorney for the co-guardians was not aware of the available plot in Pinelawn and the co-guardians purchased a funeral trust in Florida, even though the order and judgment, presumably prepared by co-guardians attorney, states to the contrary.
The testimony on behalf of the co-guardians focused on purported recent hearsay statements by Hyancinth where she expressed a desire to never return to New York while singing a hymn involving angels, and that she wanted to be buried next to her mother in Florida. However, none of these statements were videotaped or memoralized, and more importantly, the co-guardians never made a motion to amend the order and judgment even though they have counsel and Hyancinth's niece is an attorney. No evidence has been submitted which demonstrates that Hyancinth's cognitive maladies had miraculously improved two years later, nor have the co-guardians provided any statutory or case precedent which would permit this Court to ignore the burial directives mandated in the May 15th 2024, Order and Judgment (compare In re Grace D. (Louis V.P.) 31 Misc 3d 622, 922 N.Y.S.2d 914 (Sup Ct Nassau County 2011), in which the court (Asarch, J.) recognized that the written testamentary wishes of the decedent regarding the disposition of his own remains is paramount, prevailing over any wishes of the next-of-kin).
Consequently, in light of requirement in the Order and Judgment that Hyancinth be interred in New York, and in view of the fact that there is an existing burial plot available in Pinelawn Cemetery next to Hyancinth's husband, which was purchased well before this guardianship proceeding was commenced, the only conclusion that this Court can reach is that Hyancinth must be interred in New York. Accordingly, it is hereby
ORDERED, that the Co-Guardians are directed to make the necessary arrangements to have Hyacinth Woolley interred in a crypt next to her husband in Pinelawn Cemetery in Suffolk County, New York, on or before August 26, 2025, and it is further
ORDERED, that the Co-Guardians are permitted to have funeral services in both Florida and New York, if they choose to do so, prior to Ms. Woolley's interment in New York; and it is further
ORDERED the expenses for the funeral or funerals, including transporting Hyancinth's body by air, transporting her to Pinelawn and placing her in a crypt in Pinelawn, shall be paid for from the guardianship account; and it is further
ORDERED that the co-guardians or their counsel shall immediately contact Pinelawn for its assistance in effectuating the transportation and interment, and shall inform Jayson Woolley when the casket will arrive at Pinelawn, and it is further
ORDERED that the co-guardians shall file a final account within 90 days of this order.
DATED: August 18, 2025
HON. GARY F. KNOBEL, J.S.C.